PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al. (WATERBURY et al., Interveners). MORTON TRUST CO. v. METROPOLITAN ST. RY. CO. (WATERBURY et al., Interveners). GUARANTY TRUST CO. OF NEW YORK v. SAME.

(Circuit Court of Appeals. Second Circuit. May 19, 1908. On Motion to Amend, May 29, 1908.)

No. 265.

RECEIVERS—ISSUANCE OF RECEIVERS' CERTIFICATES—RECEIVERS FOR LESSOR AND LESSEE.

Where common receivers have been appointed for two insolvent street railroad companies, one of which is the owner of property which is leased to the other by a lease which requires it to pay the cost of maintenance and operation, the court may properly authorize the receivers in their capacity as receivers of both companies to issue receivers' certificates and make the same a preferred lien on the property of both, where necessary to keep the same in operation for the benefit of the creditors of both; the rights and priorities of all persons interested to be subsequently adjusted without affecting the prior lien of their certificates.

Appeal from the Circuit Court of the United States for the Southern District of New York.

J. Parker Kirlin, for Metropolitan St. Ry. Co.

Bronson Winthrop (L. C. Kranthoff, Frederick Geller, Bronson Winthrop, and C. T. Payne, of counsel), for Morton Trust Co.

Davies, Stone & Auerbach (Brainard Tolles, of counsel), for Guaranty Trust Co.

Masten & Nichols. (William M. Chadbourne, of counsel), for receivers.

Charles E. Rushmore, for preferred contract creditors.

Byrne & Cutcheon, for Pennsylvania Steel Co.

William J. Wallace, for certain creditors.

Before COXE, and WARD, Circuit Judges, and HOLT, District Judge.

WARD, Circuit Judge. This is an appeal from the order of the Circuit Court authorizing the issuance of receivers' certificates to the amount of $3,500,000. The property in the custody of the court consists of a congeries of street railways owned by or leased to the defendant the Metropolitan Street Railway Company, and operated as its lessee, by the defendant the New York City Railway Company, subject to various liens, particularly to a mortgage dated February 1, 1897, to secure the payment of bonds to the amount of $12,500,000 to the Guaranty Trust Company, as trustee, upon a part of the premises, and to a subsequent mortgage March 21, 1902, upon the same property and other property to secure the payment of outstanding bonds amounting to $16,604,000 to the Morton Trust Company, as trustee. Under the lease the New York City Railway Company is bound to maintain the property, pay all taxes, charges, rents, and other expenses, together with a dividend amounting to 7 per cent. on the capital stock of the defendant the Metropolitan Street Railway Company.

September 24, 1907, Adrian H. Joline and Douglas Robinson were appointed receivers of the New York City Railway Company and afterwards, October 1, 1907, receivers of the Metropolitan Street Railway Company.

We have no doubt of the prime importance of continuing the operation of the property as an entirety, and to that end of the necessity of raising funds by means of receivers' certificates, and, as a necessary corollary, of giving the certificates a lien prior to the claims of the general creditors of both companies and to the mortgagees above mentioned, in order to secure their marketability.

The justification of displacing liens is the preservation of the property upon which they exist, and, when but one common debtor is involved, the preference affects only the lien creditors because the debtor, owing all his debts alike, is indifferent to the order in which they are paid. When, however, as here, there is a lessee defendant and an owner defendant, both of whom are insolvent, though it may be proper to displace for the common benefit liens upon both of the properties, still it is also proper to determine whether inter se the debt of the lessee should be imposed upon the lessor or the liens on the lessor's property be displaced for the benefit of strangers to the lien creditors, viz., the lessee and its creditors.

The rights to be adjusted are those of: (a) The lessee's creditors, of whom the four-month creditors claim a preference; (b) the lessee's stockholders; (c) the lessor's lien creditors; (d) the lessor's general creditors; (e) the lessor's stockholders.

We think the difference of the parties can be reconciled by a modification of the order providing that the certificates shall be issued by the receivers in their capacities as receivers of both companies and shall be given a preference out of the net income and property of the lessee and out of the net income of the lessor, in case it shall operate the property, and out of all other property owned or leased by the lessor covered by both mortgages aforesaid, in order to insure the marketability of the certificates. The ascertainment of the rights and priorities inter se of all persons interested in the premises are reserved, to be finally adjudicated, as provided in the order modified by inserting the provisions underlined as follows:

Ordered, that the prayer of said petition and supplemental petition be, and it hereby is granted so far as is hereinafter set forth, and the said receivers *in their capacities as receivers of each company* be, and they hereby are, authorized to issue their certificates of indebtedness to an amount not exceeding $3,500,000 upon the terms and conditions hereinafter set forth.

Said certificates to the amount of the principal and interest thereof shall constitute a lien upon all the property, of every nature and description, of the defendant Metropolitan Street Railway Company *and upon the net income of the defendant the New York City Railway Company and its other property,* and upon all equipment and other property heretofore purchased and acquired by the said receivers, and upon all equipment and other property that may be acquired or provided by means of the said certificates of indebtedness or the proceeds thereof, and upon all net earnings and income, which may hereafter result from the operation of the properties in charge of the *said* receivers *as receivers of either company,* which lien shall be prior to the lien of the mortgages named in said petition, namely: The general and collateral trust mortgage dated February 1, 1897, made by Metropolitan Street Railway Company to the Guaranty Trust Company of New York, trustee, and to the refunding mortgage dated March 21, 1902, made by Metropolitan Street Railway Company to the Morton Trust Company, trustee.

In the event of the enforcement of the lien of said certificates of indebtedness against the property aforesaid, or any part thereof, or the earnings or income thereof, the said property and the said earnings or income, for the purpose of the adjustment of the rights of the parties to the above-entitled causes *and of all other persons interested,* with respect to each other, but without prejudice to the right of the holders of said certificates to the full benefit of the lien hereby created, as above set forth, shall be marshaled and applied as follows; and in the following order, to the satisfaction of the principal and interest of said certificates of indebtedness, to wit:

(1) The fund primarily chargeable with the payment of the principal and interest of said certificates of indebtedness shall be: (a) The net earnings and income heretofore realized or which may hereafter re-

sult from the operation by said receivers of the properties of the defendant Metropolitan Street Railway Company, *either in their capacity as receivers of the New York City Railway Company or as receivers of the Metropolitan Street Railway Company*; and (b) all equipment cars, rolling stock, and other tangible property which the said receivers *in either of said capacities* have acquired or may hereafter acquire by means of such earnings or income or of the proceeds of the receivers' certificates hereby authorized.

(2) To the extent that the principal and interest of said certificates of indebtedness shall not be paid out of the earnings and income of said property in the possession of the receivers *in either of said capacities*, the same shall be paid out of the property of the Metropolitan Street Railway Company which is not subject to the lien either of the general and collateral trust mortgage dated February 1, 1897, or of the refunding mortgage dated March 21, 1902, above more particularly referred to, or from proceeds of sale of said property.

The form of certificate to be amended in accordance with this opinion.

We think the lien creditors have had their day in court so far as the issuance of the certificates is concerned. The order authorizing them is narrower than the petition and restricts the application of the proceeds to property which is covered by both mortgages. It expressly regulates the rights of the lien creditors in relation to the application of the proceeds upon the properties leased by the Metropolitan Street Railway Company. Though no conditions are expressed in respect to the application of the proceeds upon the property owned by the Metropolitan Street Railway Company covered by both mortgages, it is to be assumed that the receivers will apply to the Circuit Court for instructions when any considerable amount is involved, and that the court will require notice to be given to the lien creditors whenever it is proper to do so.

The order as modified is affirmed.

## On Motion to Amend Order for Mandate.

Charles E. Rushmore, for J. D. Crimmins et al.

Davies, Stone & Auerbach (Brainard Tolles, of counsel), for Guaranty Trust Co.

Bronson Winthrop, for Morton Trust Co.

Byrne & Cutcheon, for Pennsylvania Steel Co.

J. Parker Kirlin, for Metropolitan Steel Co.

Masten & Nichols (William M. Chadbourne, of counsel), for receivers.

PER CURIAM. Certain contract creditors of the New York City Railway Company who have intervened and been made parties now move that the order for the mandate heretofore granted be amended by providing that the provisions as to marshaling the property subject to the lien of the certificates be stricken out of the order of the Circuit Court. The rights and priorities of all persons interested in the premises can be more intelligently adjusted with larger information in the future than they can now, and we therefore amend the order for the

mandate by further providing that the provisions in the original order of the Circuit Court as to the marshaling of the property subject to the lien of the certificates be stricken out, and that in place thereof there be inserted a clause as follows:

"The court reserves the right to adjudicate and determine the rights and claims of all the parties to the above-entitled causes and of all creditors of New York City Railway Company and of Metropolitan Street Railway Company as against each other, with respect to the properties and any part thereof of said two companies, and to adjust all matters of difference as to their respective priorities of payment and subrogation, but without impairing or affecting the lien of the certificates against the said properties."

The order of the Circuit Court is further amended by making the certificates bear interest at not exceeding the rate of 6 per cent. per annum, instead of at the rate of 6 per cent. per annum.

Let the order be entered and mandate issued forthwith.